ACCEPTED
15-24-00120-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 6:15 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00120-CV

# In the Fifteenth Court of Appeals
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/7/2025 6:15:52 PM
CHRISTOPHER A. PRINE
Clerk

**State of Texas,**

*Appellant,*

*v.*

**Harris County, Texas, et al.,**

*Appellees.*

On Appeal from the 165th Judicial District Court, Harris County, Texas
Cause No. 2024-63919, Hon. Ursula Hall, Presiding Judge

## Appellees' Bench Exhibits

Of Counsel:

Grant B. Martinez
State Bar No. 24104118
gmartinez@yettercoleman.com
Justin P. Tschoepe
Lily E. Hann
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
Phone: (713) 632-8000

**Christian D. Menefee**
Harris County Attorney

**Jonathan G. C. Fombonne**
Deputy County Attorney & First Assistant
State Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov

**Office of the Harris County Attorney**
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5101

**Attorneys for Appellees**

# THE TRIAL COURT'S JUDGMENT SHOULD BE AFFIRMED

**1**    The Attorney General had no authority to bring this suit.

**2**    No valid *ultra vires* claim: the Program is constitutional.

# THE CONSTITUTIONAL TEXT LIMITS THE ATTORNEY GENERAL'S AUTHORITY TO REPRESENT THE STATE IN DISTRICT COURTS.

1

## Attorney General: Supreme Court

SEC. 22. The attorney general shall hold his office for two years and until his successor is duly qualified. He shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, and shall especially inquire into the charter rights of all private corporations, and, from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage, not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the governor and other executive officers, when requested by them, and perform such other duties as may be required by law. He shall reside at the seat of government during his continuance in office. He shall

Tex. Const. art. IV, § 22

## County Attorneys: District Courts

SEC. 21. A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the governor, and hold his office for the term of two years. In case of vacancy the Commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature

Tex. Const. art. V, § 21

*State v. Moore* (Tex. 1882) written by delegate to 1875 convention

(1) County attorneys represent State in district courts. Attorney General lacked authority to represent State in district courts except for the cases expressly mentioned in constitution.

(2) Legislature cannot expand that authority.

*Brady v. Brooks* (Tex. 1905)

(1) Overruled only *Moore*'s second holding: The "Legislature had the power to create causes of action in favor of the state, and to make it the [attorney general's] exclusive duty to prosecute such suits."

(2) Does not disturb *Moore*'s first holding that, otherwise, the Attorney General generally lacks authority to represent the State in the trial courts.

*State ex rel. Durden v. Shahan* (Tex. 2022)

"This authority to *represent* the state, however, does not necessarily include the authority to independently decide whether to *institute* a suit on the state's behalf. The Legislature must provide that authority by statute."



# THE ATTORNEY GENERAL HAS ARGUED THAT, ABSENT A STATUTE, HE CANNOT REPRESENT THE STATE IN THE TRIAL COURTS. ❶

Harris County Br. App'x Tab 7



> "While there is no general statute authorizing the Attorney General to represent the State and its agencies in district court, the Legislature has provided for such representation in particular types of cases."
>
> *El Paso Elec. Co. v. Tex. Dep't of Ins.* (Tex. 1996)

> MR. FARRELL:  I don't disagree with that point, Judge, but as we stand here today, there is no specific single statute that you could point to.  That does not exist.  So, you have to look at, you know, the Supreme Court opinions.  Like I said, going back for 130 years, indicating that the Attorney General has the authority to represent the state.  That's what we have.

Supp.RR.16

# SUPREME COURT HAS REPEATEDLY REJECTED ANY IMPLIED POWER NOT FOUND IN CONSTITUTION OR STATUTES

"Finding no express law which authorized [the attorney general] to institute and maintain the suit, it would be difficult to hold that [he] had the implied power resulting from the general grants of power or imposition of duties. . . . [I]n a government in which the duties of all officers, as well as their **powers, are defined by written law, no power ought to be exercised for which warrant is not there found**."

*Day Land & Cattle Co. v. State* (Tex. 1887) written by delegate to 1875 convention

"[S]ince there is no constitutional or statutory provision which vests in the Attorney General the power, or makes it his duty, to institute actions for the removal of county officers . . . the Attorney General cannot assert or exercise such power and duty in this action. We conclude that such power and duty vests in the county attorney. . . ." *State ex rel. Downs v. Harney* (Tex. App.—San Antonio 1942, writ ref'd w.o.m.)

"'As the powers and duties of the Attorney General are prescribed by the Constitution and Statutes, those powers must be limited to those so prescribed, and may not be enlarged by the courts.' . . . [T]he Attorney General does not possess the power to institute these removal proceedings. . . ."

*Garcia v. Laughlin* (Tex. 1955) (approving as correct and quoting *Harney*)

1869 Const. art. IV, § 23

> term of office. He shall represent the interests of the State in all suits or pleas in the Supreme Court, in which the State may be a party ; superintend, instruct and direct the official action of the District Attorneys so as to secure all fines and forfeitures, all escheated estates, and all public moneys to be collected by suit ; and he shall, when necessary, give legal advice in writing

The 1875 convention committee "probably was displeased with the theoretical subordination of local state's attorneys to the attorney general," and it retained "the 1869 Constitution's division of authority without any central supervision over the local trial attorneys." Braden, *The Constitution of the State of Texas* 355

# THE TRIAL COURT'S JUDGMENT SHOULD BE AFFIRMED

**1** The Attorney General had no authority to bring this suit.

**2** No valid *ultra vires* claim: the Program is constitutional.

# THE PROGRAM SATISFIES THE *BORGELT* TEST

1. **The Program provides sufficient return consideration:**
   - Valuable data about where, when, and how much money is spent

2. **The Program's predominant objective is to accomplish legitimate public purposes**
   - Poverty reduction, self-sufficiency, reduced unemployment, improved health and educational outcomes, helping those disproportionately affected by COVID-19's health and economic crises to recover

3. **Controls sufficient to ensure public purpose accomplished**
   - New: contract to use of funds only for basic needs, contractual audit rights, spending automatically monitored and restricted
   - Retained from Uplift Harris: eligibility requirements, incremental payments to vendor, removal for non-compliance with terms

And then we also have greater oversight into how those funds are spent. Because participants in this new program are agreeing to -- are required to agree to share their account data with GiveDirectly and with the County.

A.  There would likely be some lag time, but we'll have access to every individual's transaction data.  The

Q.  How detailed is the transaction data?

A.  It would look like a bank statement.

2.RR.20, 37, 54

**Valuable data on when, where, how much spent – hired vendor to evaluate**

The Uplift Harris Guaranteed Income Pilot is expected to:
- Reduce poverty
- Reduce unemployment
- Improve the incentive and ability to work
- Provide financial security
- Boost self-employment
- Improve health and educational outcomes

**5.RR.5**

Q. All right. So that means that -- is Community Prosperity Program a completely different program than Uplift Harris?

A. It is.

Q. Okay. Is -- but you said that -- are there similarities to Uplift Harris?

A. Yes. So the goals remain the same. The

A. The goals and purpose of Uplift Harris were to reduce unemployment, reduce poverty, boost self-sufficiency, and improve general health and educational outcomes for those participating in the program.

Act. So a pool of money provided to -- to Harris County to serve, you know, multiple needs across the county but, specifically, to address disparities caused by COVID-19.

**2.RR.10-11**

## This evidence stands unrebutted

2. **Program Terms and Restrictions**
I acknowledge and agree to comply with the terms and restrictions of the Community Prosperity Program. I understand that the financial assistance provided must be used for basic needs, including housing-related expenses, utilities, transportation, groceries, medical care, education, clothing, and other essential goods and services. Purchases are restricted to vendors classified under Approved Merchant Category Codes [link]. Transactions with entities primarily selling alcoholic beverages or tobacco, promoting gambling, engaging in illicit or non-essential activities, or allowing money transfers or ATM withdrawals are strictly prohibited. Failure to comply with these terms may result in the termination of my participation.

3. **Transaction Auditing and Compliance**
I agree that my transactions made with funds provided by the Community Prosperity Program may be audited for compliance purposes. I understand that this auditing is to ensure that the funds are being used in alignment with the program's goals and requirements, and I consent to providing necessary documentation if requested.

5.RR.111

**New: Contractual restrictions on use of funds and contractual audit rights**



All recipients of the restricted cash program will face spending restrictions:

1. Debit card transactions will be limited to certain <u>Merchant Category Codes (MCC)</u>, four-digit codes that classify credit and debit transactions by type of business, as determined by Harris County Public Health.
2. Cash withdrawals are not permitted.

Recipients will also consent to the following:

1. Share transaction-level spending data with GiveDirectly and Harris County Public Health.
2. If GiveDirectly is made aware of any violations of the program's restrictions, either in its normal course of business or by being informed by Harris County administrators, GiveDirectly will take appropriate action. Our Internal Audit team would conduct an investigation and if they determined that a recipient was likely in breach of these restrictions, we would remove the recipient from the program and deliver no further payments.

5.RR.99

**New: Spending automatically monitored & limited by merchant type**

It is understood and agreed that Subrecipient will have no more than $5,000,000.00 of the Program Fund in its possession at any time during the Term of this Agreement (the "Possessory Allocation"). At the County's

In the event that the full Program Fund of $16,650,000.00 is not disbursed, Subrecipient shall return any unexpended Program Funds.

5.RR.93

**Contract with vendor limits its control of funds**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been forwarded to all counsel of record on February 7, 2025, via the Court's electronic filing system.

Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Kimberly Gdula
William D. Wassdorf
William H. Farrell
Benjamin Mendelson
**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548 (MC 059)
Austin, Texas 78711
Phone: (512) 936-1700
Fax: (512) 474-2697
Biff.Farrell@oag.texas.gov

*/s/  Grant B. Martinez*
Grant B. Martinez

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Grant Martinez on behalf of Grant Martinez
Bar No. 24104118
gmartinez@yettercoleman.com
Envelope ID: 97144673
Filing Code Description: Exhibit
Filing Description: Appellees' Bench Exhibits
Status as of 2/10/2025 7:07 AM CST

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ben Mendelson | | Ben.Mendelson@oag.texas.gov | 2/7/2025 6:15:52 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 2/7/2025 6:15:52 PM | SENT |
| William Farrell | | biff.farrell@oag.texas.gov | 2/7/2025 6:15:52 PM | SENT |

Associated Case Party: Harris County, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Garza | 24078543 | christopher.garza@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |
| Jonathan Fombonne | 24102702 | jonathan.fombonne@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |
| Eleanor Matheson | 24131490 | Eleanor.matheson@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |
| Christian Menefee | 24088049 | christian.menefee@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |
| Ryan Cooper | 24123649 | ryan.cooper.work@gmail.com | 2/7/2025 6:15:52 PM | SENT |
| Andrea Mintzer | | Andrea.Mintzer@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Delonda Dean | | ddean@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |
| Edward Swidriski | 24083929 | Edward.Swidriski@harriscountytx.gov | 2/7/2025 6:15:52 PM | SENT |
| Athena Leyton | | athena.leyton@oag.texas.gov | 2/7/2025 6:15:52 PM | SENT |
| Toni Shah | | toni.shah@oag.texas.gov | 2/7/2025 6:15:52 PM | SENT |
| Grant Martinez | | gmartinez@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Grant Martinez on behalf of Grant Martinez
Bar No. 24104118
gmartinez@yettercoleman.com
Envelope ID: 97144673
Filing Code Description: Exhibit
Filing Description: Appellees' Bench Exhibits
Status as of 2/10/2025 7:07 AM CST

Case Contacts

| Grant Martinez | | gmartinez@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |
|---|---|---|---|---|
| Lily Hann | | lhann@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |
| Marisa Mata | | mmata@yettercoleman.com | 2/7/2025 6:15:52 PM | SENT |